1

2

3

4

5

6                              **UNITED STATES DISTRICT COURT**

7                                    **DISTRICT OF NEVADA**

8    JOHN A. SCHAFER,                          )          3:08-cv-00299-BES-VPC
                                               )
9                       Plaintiff,             )
                                               )          **ORDER**
10          v.                                 )
                                               )
11   SAFEWAY STORES, INC., a Delaware          )
     corporation,                              )
12                                             )
                        Defendant.             )
13                                             )
     ──────────────────────────────────────── )
14

15          Currently before the Court is Defendant Safeway Inc.'s ("Safeway") Motion to Dismiss

16   (#2) filed on May 29, 2008.[1]  Plaintiff John Schafer ("Plaintiff") filed an Opposition to Motion

17   to Dismiss (#9) on June 30, 2008, and Safeway filed a Reply (#10) on July 14, 2008.

18          Also before the Court is Plaintiff's Motion for Order Granting Leave to Serve and File

19   Amended Complaint (#13), filed on August 27, 2008.  Safeway filed an Opposition to Plaintiff's

20   Motion for Leave to File Amended Complaint (#16) on November 24, 2008, and Plaintiff filed

21   a Reply (#19) on December 11, 2008.

22                                       **BACKGROUND**

23          On May 5, 2008, Plaintiff filed an Amended Complaint in the First Judicial District Court

24   of the State of Nevada alleging that he had been constructively terminated from his

25   employment at Safeway on October 11, 2006.  (Notice to Federal Court of Removal of Civil

26   Action Under 28 U.S.C. § 1441 (#1) at Exhibit A, p. 5).  Plaintiff had been employed as a food

27   clerk at Safeway for several years prior to his alleged termination.  Id.  According to the

28

     ───────────────
          [1] Safeway was improperly named as Safeway Stores Incorporated.  (Motion to Dismiss (#2) at
     1).

Amended Complaint, Plaintiff "terminated his employment because no reasonable person in Plaintiff's position could have been expected to tolerate the conditions facing Plaintiff as a result of the wrongful conduct of his employer." Id. Specifically, Plaintiff's Amended Complaint alleges that two of Safeway's policies impaired his ability to work and violated his right to a safe work environment. Id. The first policy was a requirement that clerks proceed to the front of the store when assistance was needed at a check-out line. Plaintiff refers to this policy as the "race to the front," and claims that it violated Nevada law. The second policy was a requirement to use a manual forklift instead of an electric forklift inside the store. Plaintiff claims that this policy impaired his ability to perform his job duties because he had "multiple physical conditions" that made using the manual forklift difficult. Id.

As a result of these policies, Plaintiff asserts that he was constructively terminated without just cause in violation of a "union contract of which Plaintiff" was "a third party beneficiary." Id. The "union contract" referred to by Plaintiff provided that he could only be terminated for "just cause." Id. Plaintiff further asserts that "[t]he same contract incorporated principles of anti-discrimination including [discrimination] based upon disability." Id. According to Plaintiff, Safeway further breached the "union contract" because Safeway's two policies discriminated against him "based upon his disability." Id.

Plaintiff's Amended Complaint includes two claims for relief. First, Plaintiff claims that Safeway "tortiously discharged" him from his employment "in violation of important Nevada public policy as aforementioned." Id. Second, Plaintiff claims that Safeway "breached its contract with Plaintiff as aforementioned, entitling Plaintiff to recover the aforementioned damages and equitable relief." Id.

## ANALYSIS

### I.   Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica

2

1  Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material

2  allegations in the complaint as well as all reasonable inferences that may be drawn from such

3  allegations.  LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also

4  construe the allegations of the complaint in the light most favorable to the nonmoving party.

5  Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).  The Court may only grant a

6  motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief

7  under any set of facts that could be proven under the allegations of the complaint.  Cahill v.

8  Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

9        Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the

10  contents of the complaint," the court may also consider documents attached to the complaint,

11  documents incorporated by reference in the complaint, or matters of judicial notice without

12  converting the motion into a motion for summary judgment. See Durning v. First Boston Corp.,

13  815 F.2d 1265, 1267 (9th Cir. 1987). A document "may be incorporated by reference into a

14  complaint if the plaintiff refers extensively to the document or the document forms the basis

15  of Plaintiff's claim."  U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

16        Attached to Safeway's Motion to Dismiss (#2) is a collective bargaining agreement

17  between Safeway and United Food and Commercial Workers Union Local 711 (referred to

18  herein as the "CBA").   The CBA is incorporated by reference in Plaintiff's Amended

19  Complaint.[2] In addition, the CBA is crucial to Plaintiff's breach of contract claim. As such, the

20  Court will consider the CBA in ruling on Safeway's motion to dismiss, without converting the

21  motion to one for summary judgment. See Ritchie, 342 F.3d at 908.

22        Safeway states that it is entitled to an order dismissing the claims asserted against it

23  because Plaintiff's claims are preempted by section 301 of the Labor Management Relations

24  Act ("LMRA"). (Defendant's Motion to Dismiss (#2) at 3). According to Safeway, the LMRA

25  preempts Plaintiff's case because he has asserted state law claims that depend upon analysis

26  of the CBA to resolve them. As such, because these two claims are governed by the CBA,

27

28        [2] The CBA is referred to in the Amended Complaint as the "union contract." (Notice to Federal
Court of Removal of Civil Action under 28 U.S.C. § 1441 (#1) at Exhibit A, pp. 2-3).

1    they are completely preempted by federal law and dismissal is proper.  In response, Plaintiff
2    concedes that his breach of contract claim for violation of the just cause provision of the CBA
3    is preempted. (Opposition to Motion to Dismiss (#9) at 2). In addition, Plaintiff concedes that
4    his claim for breach of contract of the anti-discrimination provisions of the CBA are also
5    preempted. Id. However, Plaintiff alleges that parts of his claims do not reference the CBA,
6    but, rather "a policy within the store that was contrary to company-wide safety policy." Id.
7    Moreover, Plaintiff argues that those claims are not preempted because they invoke Nevada's
8    public policy on discrimination and occupational safety. Id. at 3.  Based on this public policy
9    argument, Plaintiff argues that his case should not be dismissed.

10       Section 301 of the LMRA states that "[s]uits for violation of contracts between an
11   employer and a labor organization representing employees in an industry affecting commerce
12   . . . may be brought in any district court of the United States having jurisdiction of the parties."
13   29 U.S.C. § 185(a). The Supreme Court has held that § 301 expresses "a federal policy that
14   the substantive law to apply in § 301 cases 'is federal law, which the courts must fashion from
15   the policy of our national labor laws.'" Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105
16   S.Ct. 1904, 85 L.Ed. 2d 206 (1985)(quoting Textile Workers v. Lincoln Mills, 353 U.S. 448, 77
17   S.Ct. 912, 1 L.Ed. 2d 972 (1957)).  As such, section 301 has been understood "as a
18   congressional mandate to the federal courts to fashion a body of federal common law to be
19   used to address disputes arising out of labor contracts." Id.  "As a result of this broad federal
20   mandate, the Supreme court has explained, the 'preemptive force of section 301 is so
21   powerful as to displace entirely any state cause of action for violation of contracts between an
22   employer and a labor organization.'" Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th
23   Cir. 2007).

24       Based on the foregoing, the Ninth Circuit has held that section 301 of the LMRA
25   preempts state law claims that are "substantially dependent upon anaylsis of the terms of an
26   agreement made between the parties in a labor contract[.]" Allis-Chalmers, 471 U.S. at 220.
27   "More specifically, LMRA § 301 will operate to preempt a state-law claim whose resolution
28   depends upon the meaning of a CBA." Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008).

4

1  Thus, even if the plaintiffs have not alleged a breach of contract in their complaint, the claim

2  can still be preempted if it is "either grounded in the provisions of the labor contract or requires

3  interpretation of it."[3] Burnside, 491 F.3d at 1059.

4         In this matter, the Court finds that Plaintiff's breach of contract claim is preempted by

5  section 301. As noted in the Amended Complaint, this cause of action relates directly to a

6  breach of the CBA. Specifically, Plaintiff alleges that Safeway breached the CBA by (1)

7  terminating him without just cause , and (2) discriminating against him in violation of the anti-

8  discrimination provisions. Moreover, in his Opposition to Motion to Dismiss (#9), Plaintiff

9  concedes that this claim is preempted. Because this claim is preempted by federal law,

10 Safeway is entitled to an order dismissing the claim because Plaintiff failed to exhaust the

11 grievance procedures contained in the CBA. See Jackson v. Southern California Gas Co., 881

12 F.2d 638, 640 (9th Cir. 1989).

13        In addition to the breach of contract claim, Plaintiff also brought a cause of action for

14 tortious discharge. Plaintiff's tortious discharge claim relies on an alleged violation of Nevada

15 public policy. Specifically, Plaintiff asserts that Safeway's policy of requiring him to proceed

16 to a checkout stand immediately when called violates "Nevada law concerning occupational

17 safety and health." In addition, the Amended Complaint states that Safeway intended to cause

18 Plaintiff "harm in the workplace" by requiring him to use a manual forklift in the store.

19 According to Plaintiff, the "refusal to allow him to use the electric lift violated Nevada OSHA

20 law." (Opposition to Motion to Dismiss (#9) at 2).

21        "[N]ot every dispute concerning employment, or tangentially involving a provision of a

22 collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal

23 labor law." Allis-Chalmers, 471 U.S. at 211. However, preemption extends beyond claims for

24 breach of contract. Jackson, 881 F.2d at 643. "Allis-Chalmers makes clear that 'the pre-

25 emptive effect of § 301 must extend beyond suits alleging contract violations' to encompass

26 suits under state tort law that 'would frustrate the federal labor-contract scheme established

27

28        [3] According to the Ninth Circuit, this prevents a plaintiff from evading the requirements of section 301 "by relabeling their contract claims as claims for tortious breach of contract or some other state cause of action, and thus elevate form over substance." Id. (internal quotations omitted).

5

in § 301." Id. (quoting Allis-Chalmers, 471 U.S. at 209-10).  Thus, "state claims that require interpretation of a collective bargaining agreement . . . or depend substantially upon analysis of a collective bargaining agreement's terms . . . are preempted."  Id. (internal citations omitted).

As noted, Plaintiff claims that his alleged termination violated Nevada's public policy on occupational health and safety.  "A claim that discharge violates public policy 'is preempted . . . if it is not based on any genuine state public policy, or if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." Id.

The Nevada Supreme Court has held that "the public policy of this state favors safe employment practices and the protection of the health and safety of workers on the job." Western States Mineral Corp. v. Jones, 107 Nev. 704, 719, 819 P.2d 206, 216 (Nev. 1991). As a result, "it is violative of public policy for an employer to dismiss an employee for refusing to work under conditions unreasonably dangerous to the employee."  Id.  Despite this, Plaintiff's tortious discharge claim is preempted because Plaintiff has failed to allege any facts that show a violation of Nevada's public policy on occupational health and safety.  In this regard, the two policies cited by Plaintiff did not create an "unreasonably dangerous" working condition for Plaintiff.[4]  Rather, it appears that Plaintiff is arguing that using the manual forklift at work and being required to rush to the front of the store when called was subjectively unsafe for him because of his physical impairments.  For instance, Plaintiff states that "Defendant was aware that Plaintiff had multiple physical conditions that impaired his ability to work with the manual forklift and nevertheless required him to do so." (Notice to Federal Court of Removal of Civil Action Under 28 U.S.C. §1441 (#1) at Exhibit A, p. 5).  However, such a claim sounds

---

[4] In comparison, in Western States, Jones filed suit against his employer, Western States, for tortious discharge after he was fired for refusing to work around cyanide while he had an unhealed surgical incision. Id. Nevada law expressly "prohibits employers from requiring employees 'to go or be in any . . . place of employment which is not safe and heathful," and the court held that the jury could have found that Western States violated this provision. Id. In this matter, Plaintiff argues that because of his physical impairments, Safeway violated his safe working environment by not allowing him to use an electric jack on the store floor. In addition, Plaintiff argues that Safeway violated Nevada law by requiring him to stop what he was doing and go to the front of the store when called to help with checkout lines. Neither of these factual assertions required Plaintiff to be in a place of employment which was unreasonably dangerous.

6

1   in disability discrimination, and not in a violation of Nevada's public policy on occupational
2   health and safety. Thus, because this claim is preempted, Safeway is entitled to an order
3   dismissing the claim because Plaintiff failed to exhaust the grievance procedures contained
4   in the CBA.[5]

5         Based on the foregoing, Safeway is entitled to an order dismissing the claims asserted
6   against it in Plaintiff's Amended Complaint.

7   **II.    Motion to Amend**

8         In addition to the foregoing, Plaintiff also filed a Motion for Order Granting Leave to
9   Serve and File Amended Complaint (#13). According to Plaintiff, he is seeking leave to amend
10  his complaint in order to add a cause of action for tortious interference with prospective
11  economic advantage against William Hornbook, Samuel Coolbaugh and UFCW Local Union
12  711. Id. Plaintiff states that the tortious interference "was done by the Union and Hornbook
13  through the manner in which these Defendants interfaced with Defendant Safeway regarding
14  the electric jack and the run-to-the-front policy." Id. at 2. Samuel Coolbaugh, according to
15  Plaintiff, is liable because "[h]e created the race-to-the-front policy and enforced it contrary to
16  company-wide policy." Id.

17        In response, Safeway argues that Plaintiff's motion should be denied because the
18  "amendment is futile" and the claim "fails against all of these defendants." (Defendant's
19  Opposition to Plaintiff's Motion for Leave to File Amended Complaint (#16) at 1). In this regard,
20  Safeway states that Plaintiff testified at his deposition that on June 15, 2006, Plaintiff went out
21  on leave to have carpal tunnel surgery and never came to work at Safeway after that. Id. at
22  4. Instead, Plaintiff "resigned in a letter to managment, without ever discussing his resignation
23  with Safeway." Id. Moreover, Plaintiff testified that the "sole reason" he resigned was because
24

25  _____
26      [5] In his Opposition, Plaintiff claims that his breach of the anti-discrimination provisions of the
    CBA also violates public policy. However, even though Nevada law prohibits discrimination, Plaintiff
    failed to exhaust his administrative remedies as required by both federal and Nevada law. Specifically,
27  "claims involving employment discrimination [are] to be administratively exhausted prior to seeking
    redress in the district courts." Palmer v. State, 106 Nev. 151, 153, 787 P.2d 803, 804 (Nev. 1990). As
28  part of this, an employee claiming discrimination "is obligated to file a claim with NERC and to have
    that agency adjudicate the claim before it can properly be brought in district court." Id. The "exhaustion
    of administrative remedies is necessary to prevent the courts from being inundated with frivolous
    claims." Id.

he was required to use a manual jack in the store rather than an electric jack. Id. However, the prohibition of using an electric jack in the store was an "industry wide policy." Id. As a result of the foregoing testimony, Safeway argues that Plaintiff cannot state a claim for tortious interference with prospective economic advantage against Hornbrook, the union or Coolbaugh.

Rule 15(a)(2) states that a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule further provides that: "The court should freely give leave when justice so requires." Id. In applying this rule, the Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id. However, although the court should freely give leave to amend, a district court may deny such leave due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

"It is well established that leave to amend a [pleading] need not be granted when amendment would be futile." Hines v. City of Albany, 542 F.Supp.2d 218, 224 (N.D.N.Y. 2008). The party "opposing an amendment has the burden of establishing that leave to amend would be futile." Id. "Where no colorable grounds exist to support a claim or defense, a motion to amend would be futile." Id. In general, no colorable grounds exist if the amendment is not sufficient to withstand a motion to dismiss or a motion for summary judgment. Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987); see also Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986)(stating that an amendment is futile if it "could be defeated on motion for summary judgment").

As noted in the foregoing, Plaintiff seeks leave to amend to add additional parties and an additional cause of action for tortious intereference with prospective economic advantage. The following elements must be proven to establish the tort of interference with prospective economic advantage: "(1) a prospective contractual relationship between the plaintiff and a

8

third party; (2) the defendant's knowledge or this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc., 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (Nev. 1998).

In this matter, the Court finds that Plaintiff's proposed amendment would be futile because it would fail to survive either a motion to dismiss or a motion for summary judgment. In Plaintiff's Proposed Amended Complaint, he alleges that Coolbaugh interfered with his prospective economic advantage by creating the "race-to-the-front policy." (Motion for Order Granting Leave to Serve and File Amended Complaint (#13) at Exhibit 1, p. 4). However, Plaintiff fails to assert any factual allegations relating to how the implementation of this policy by Coolbaugh was an intentional act designed to harm Plaintiff's relationship with Safeway. Specifically, this was a store wide policy that applied to all clerks in the Safeway store to prevent customers from complaining about long check-out lines. In addition, this cause of action against Coolbaugh would not survive a motion for summary judgment because Plaintiff testified that he resigned from Safeway solely because he was not able to use an electric jack inside the store.

Plaintiff's claim for intentional interference with prospective economic advantage is also futile against the union and Hornbook. In this regard, Plaintiff's Proposed Amended Complaint states that "Defendant Union and Hornbook intentionally or recklessly interfered with Plaintiff's prospective economic advantage by depriving Plaintiff of an opportunity to succeed on his grievances . . . ." Id. Similar to Coolbaugh, Plaintiff has failed to state how this alleged interference was an intentional act by the union and Hornbook designed to disrupt his relationship with Safeway. Rather, it appears to be a general complaint against the handling of Plaintiff's grievance procedure with the union. As a result, this claim fails to assert sufficient factual allegations to survive a motion to dismiss. In addition, this claim would not survive a motion for summary judgment because of Plaintiff's testimony that he resigned from Safeway solely because he could not use an electric jack in the store.

Thus, based on the foregoing, any amendment to the complaint to add a claim for

9

1  tortious interference with prospective economic advantage against William Hornbook, Samual

2  Coolbaugh and UFCW Local Union 711 would be futile.  Plaintiff's Motion for Order Granting

3  Leave to Serve and File Amended Complaint (#13) is denied.

4  **CONCLUSION**

5      For the foregoing reasons, Defendant's Motion to Dismiss (#2) is GRANTED.

6      It is further ordered that Plaintiff's Motion for Order Granting Leave to Serve and File

7  Amended Complaint is DENIED.

8      The Clerk of the Court shall enter judgment accordingly.

9      Dated this ___4th___ day of February, 2009.

10

11

12  _____

13  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28